IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv-00621-PAB-KMT

LAUREL LEE BUESCHER, an individual and
SUN N SEA REAL ESTATE, PA a Florida corporation,

     Plaintiffs,

v.

SHERYL ROGERS, an individual,
ROGERS LAW FIRM, and
GOLDMAN ROBBINS ROGERS PA

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

This matter comes before the court on a review of the docket.

Pursuant to the Order of Reference dated March 24, 2009, this civil action was referred to the Magistrate Judge to, *inter alia*, "Convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR16.2," and to hear and determine pretrial motions. (Doc. No. 2.)

The initial Scheduling Conference was set for July 21, 2009. (Doc. No. 4.) On July 17, 2009, and July 20, 2009, Plaintiff Buescher, proceeding *pro se* at the time, filed identical motions to stay the case.[1] (Doc. Nos. 5 and 6.) Plaintiff Buescher represented that she was a

---

[1]Up until September 2, 2010, Plaintiff Sun N Sea Real Estate, PA, was not represented by counsel. It is a "long-standing rule that a corporation must be represented by an attorney to

defendant in a matter in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida; that on February 13, 2009, the Florida court entered an order approving settlement of that matter; that she was appealing that order; and that the outcome of the appeal may affect this action. (*Id.*, ¶¶ 1–2.) Plaintiff Buescher also represented that the Florida court ordered her to file a motion to stay this matter until her appeal in the Florida court was concluded. (*Id.*, ¶ 3.) Plaintiff Buescher further represented that the defendants in this action had not been served. (*Id.*, ¶ 4.)

At the Scheduling Conference held on July 21, 2009, this court granted Plaintiff Buescher's Motion to Stay (Doc. No. 6) and stayed this matter until further order of the court. (Doc. No. 10.) This court also ordered Plaintiff to file monthly status reports beginning September 1, 2009, to advise this court of the status of the Florida action. (*Id.*)

Plaintiff Buescher, still proceeding *pro se*, filed regular status reports from September 2009 through August 2010. (Doc. Nos. 11–22.) On September 2, 2010, Plaintiffs' monthly status report was signed and filed by Attorney Richard E. Torpy of The Torpy Law Office in Melbourne, Florida. (Doc. No. 23.) The Court's docket and Mr. Torpy's signature block (*see id.*) reflect that Mr. Torpy has represented both Plaintiffs since September 2, 2010. Plaintiffs did not file a status report in October 2010. On November 5, 2010, Plaintiff Buescher, again *pro se*, filed another status report. (Doc. No. 24.)

---

appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (footnote and citations omitted). A corporation cannot appear through a non-attorney corporate officer appearing *pro se*. *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001).

This court, upon a review of the status reports, noticed the discrepancies in filers, and also noticed that the Florida judge had placed Ms. Buescher under contempt and had issued a bench warrant for her arrest.  (*See* Doc. No. 26.)  This court set a status conference for January 6, 2011, and allowed the plaintiffs' counsel to attend by telephone.  (Doc. No. 25.)  Plaintiff Buescher, again *pro se*, filed status reports on December 6, 2010, and January 5, 2011.  (Doc. Nos. 26 and 27.)

Plaintiffs' counsel of record, Mr. Torpy, appeared by telephone at the status conference. (Doc. No. 28.)  Mr. Torpy explained that he represents Plaintiff Laurel Lee Buescher in Florida but had not entered an appearance in Colorado.  The court directed Mr. Torpy to the Court's Docket Number 23, in which Mr. Torpy had signed Plaintiffs' monthly status report. Mr. Torpy was unable to explain how his signature came to be on the status report and explained that his office was in a state of disarray due to the recent firing of an office manager.  Mr. Torpy represented he did not sign the status report filed on September 23, 2010.

Mr. Torpy explained that the settlement agreement that had been reached in the Florida action, which he described as a very complicated matter, was "incorrect."  He further explained that the Florida case went to trial and then settled during trial on the record.  No settlement document was filed at that time.  At some later point, the parties in that case attended clarification hearings in January and February 2009, and many critical issues related to the settlement agreement were modified by the judge himself.  Opposing counsel filed a motion to enforce the settlement agreement, which was opposed by Ms. Buescher.  Ultimately, the Florida judge entered an Order to Show Cause in May 2010, and a hearing was held on the contempt

3

issue.  A new judge had been assigned by that point, and that judge held Ms. Buescher in

contempt and ordered her to file certain documents as part of the settlement of the matter.

Apparently, as part of the settlement agreement in the Florida case, Plaintiff was ordered to

dismiss the case in this Court.  Mr. Torpy stated that an appeal had been filed on this issue, but

briefing had just begun.  Mr. Torpy also indicated he would necessarily have to enter his

appearance on behalf of at least Plaintiff Buescher in this case at some point.

This court continued the stay of this case and ordered Mr. Torpy to file a report as to his

status on this case on January 31, 2011.  (Doc. No. 28.)  The court also continued the order for

Plaintiffs to file monthly status reports.  (*Id.*)

On March 8, 2011, Defendants filed a "Motion to Dismiss with Prejudice" on the basis

that Ms. Buescher's appeal in the Florida District Court of Appeal for the Fourth District had

been dismissed.  (*See* Doc. No. 30; *see also* Doc. No. 37-1.)[2]

As of March 9, 2011, nothing had been filed by Plaintiffs or Mr. Torpy, and this court

issued an Order to Show Cause why the Complaint should not be dismissed for Plaintiffs' failure

to prosecute their case and failure to comply with court orders.  (Doc. No. 35.)  On April 1,

2011, Plaintiff Buescher filed a Response to the Order to Show Cause, in which she represented

her counsel, Mr. Torpy, has been ineffective and has complicated matters.[3]  (Doc. No. 39, ¶ 7.)

---

[2]Defendants filed a Supplement on April 18, 2011, to advise the Court that the Florida District Court of Appeal for the Fourth District has dismissed Plaintiff Buescher's appeal again. (*See* Doc. No. 42, 42-1.)

[3]As of this date, Mr. Torpy is still listed in the Court's docket as Plaintiffs' counsel of record.

Plaintiff Buescher states Mr. Torpy has been investigated by the Florida Bar for improper conduct and the Florida Supreme Court issued issued an order for Mr. Torpy to show cause why sanctions, including disbarment, should not be imposed.  (*Id.*, ¶¶ 8–9.)  Plaintiff Buescher represented she had retained new counsel and requested "one final extension" of forty-five days so her counsel could review the extensive record in the state court and "to determine whether Plaintiffs can proceed in this case."  (*Id.*, ¶¶ 12, 15.)

Based on Plaintiff Buescher's response, this court discharged the Order to Show Cause and granted Plaintiffs an extension to and including May 16, 2011, to obtain counsel and to file a response to "Defendants' Motion to Dismiss with Prejudice."  (Doc. No. 40.)  Plaintiffs have failed to obtain new counsel or file a response to Defendants' Motion to Dismiss.[4]

Plaintiffs bear the responsibility of complying with court orders and prosecuting their case.  The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants.  *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993).  Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders.  Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case for a party's failure to prosecute.

---

[4]In their Supplement to their Motion to Dismiss filed April 18, 2011, Defendants state they conferred with the counsel Plaintiffs represented they had obtained, Mr. Germain.  (Doc. No. 42, ¶ 1.)  According to Defendants, "Mr. Germain informed [ ] counsel that the has agreed to review Plaintiffs' cases and files, but has not yet determined whether he will enter his appearance on behalf of Plaintiffs in Colorado."  (*Id.*)

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir.1988) (citations omitted).

Consideration of the *Ehrenhaus* factors weighs heavily in favor of dismissal with prejudice. First, the court finds that Defendants are highly prejudiced by an indefinite stay of this matter and by Plaintiffs' failure to prosecute this matter while they attempt to engage in apparently futile appeals of their Florida action. Second, the court finds that Plaintiff Buesher

6

has significantly interfered with the judicial process by failing to prosecute this matter, by failing to respond to court orders, and by failing to obtain counsel for the corporate plaintiff.  Plaintiffs have failed to give an explanation for their failure to comply with the latest deadline set by the court.  Plaintiffs have shown contempt by their willfully failing to comply with this court's orders and by repeatedly wasting judicial resources.  Third, this court finds Plaintiffs are culpable for the delays in this case and for the violations of this court's orders.  Fourth, this court specifically warned Plaintiffs that their failure to comply with this court's orders could result in a recommendation for dismissal for their failure to comply.  (*See* Doc. No. 35.)

Finally, this court finds Plaintiffs' failures to obey the orders of this court are simply unacceptable and should not be tolerated.  Plaintiffs have made very little effort to prosecute this action.  Realizing that dismissal with prejudice is a severe sanction, the court nonetheless believes that no other sanction will be effective.  *See Hobratschk v. Perretta*, 210 F.3d 389, No. 99-1293, 2000 WL 313530, at *2 (10th Cir. Mar. 28, 2000) (stating that a district court need not impose lesser sanctions before dismissal with prejudice).  Furthermore, dismissal with prejudice in this case serves the purposes of "penaliz[ing] the party whose conduct warrants the sanction and discourag[ing] 'those who might be tempted to such conduct in the absence of such a deterrent.' "  *Jones*, 996 F.2d at 265–66 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

The court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

WHEREFORE, for the foregoing reasons, this court

7

**RECOMMENDS** that the Complaint and this action be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992).  This court further

**RECOMMENDS** that "Defendants' Motion to Dismiss with Prejudice" (Doc. No. 30, filed March 8, 2011) be DENIED as moot.

Dated this 23rd day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge